United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-60104
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY MILTON NEAL,
also known as Solo,

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Mississippi
(2:04-CR-95)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roy Milton Neal appeals his sentence following his guilty-plea conviction for being a felon in possession of a firearm, contending his 115-month sentence, imposed after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), is unreasonable. Specifically, Neal claims the district court's assessment of a four-level increase under U.S.S.G. § 2K2.1(b)(5) (increase of base-level offense where defendant used or possessed firearm in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection with another felony offense) was improper because the facts underlying the enhancement exceeded the scope of his guilty-plea admissions.

Contrary to Neal's claim, the district court was permitted to look beyond Neal's guilty-plea admissions for purposes of determining his post-*Booker* sentence. *See* ***United States v. Mares***, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). The district court heard testimony on the § 2K2.1(b)(5) four-level increase and concluded the enhancement was supported by proof "far beyond a reasonable doubt". Because Neal's sentence fell within a properly calculated guideline range, it is presumptively reasonable. *See* ***United States v. Alonzo***, 435 F.3d 551, 554 (5th Cir. 2006).

***AFFIRMED***